IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| KENNETH D. RICHARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 115-101 |
| | ) | |
| RICHMOND COUNTY | ) | |
| SUPERIOR COURT, | ) | |
| | ) | |
| Defendant. | ) | |

**O R D E R**
_____

Plaintiff, currently detained at the Charles B. Webster Detention Center, in Augusta, Georgia, filed the above-captioned case under 42 U.S.C. § 1983. (Doc. no. 1.) Plaintiff is proceeding *pro* se and seeks to proceed *in forma pauperis* ("IFP"). (Doc. no. 2.)

Plaintiff alleges that he has been incarcerated for seventeen months but has not been brought to trial because of outstanding competency issues. (Doc. no. 1, p. 5.) According to Plaintiff, he has been ordered to a state hospital for treatment so that he will "be better able to assist in [his] defense." (Id.) Publicly available records show that Plaintiff currently has a pending felony case against him in the Superior Court of Richmond County. State v. Richard, Case No. 2013RCCR00199 (Richmond County Superior Court Feb. 5, 2013), *available at* http://coc.augustaga.gov (follow "Criminal Search" hyperlink; then search for Case No. 2013RCCR00199, last visited July 14, 2015); see also United States v. Jones, 29 F.3d 1549, 1553 (11th Cir. 1994) (noting a court may take judicial notice of another court's records to

establish the existence of ongoing litigation and related filings). A petition for a mental evaluation was filed in that case on April 16, 2014, and on June 10, 2015 an Order for Commitment & Restoration was entered on the docket of that case. State v. Richard, Case No. 2013RCCR00199.

It is not entirely clear whether Plaintiff is challenging the competency proceedings, the commitment order, or the denial of a speedy trial. He states that because of a brain injury, he is never going to be competent to stand trial, but he complains that a state court judge committed him for mental treatment so that he can "relearn the law" such that he will be able to better assist in his defense. (Doc. no. 1, p. 5.) Plaintiff also states that he seeks to enforce his "right as a U.S. citizen to a fast and speedy trial." (Id.) Plaintiff specifically states that he does not want monetary damages. (Id. at 6.) However, he does want his criminal case heard promptly so that he can return home. (Id.)

Although the form used by Plaintiff bears the heading of a filing arising under 42 U.S.C. § 1983, the Court must consider the relief he seeks. Indeed, the Eleventh Circuit has repeatedly recognized the practice of looking beyond the title of a document in order to properly analyze its substance. Fugate v. Department of Corr., 301 F.3d 1287, 1288 (11th Cir. 2002) (affirming district court's holding that plaintiff's action putatively brought pursuant to 42 U.S.C. § 1983, was properly construed as a petition for writ of habeas corpus). Because Plaintiff requests only release from custody, it appears he actually seeks habeas corpus relief. See Wilkinson v. Dotson, 544 U.S. 74, 78 (2005) ("[A] prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement'. . . . He must seek federal habeas corpus relief (or appropriate state relief) instead."); Preiser v. Rodriguez, 411 U.S.

475, 499 & n.14 (1973) (to the extent a prisoner attacks the legality of his custody or is seeking release from custody, "his sole federal remedy is a writ of habeas corpus").

Thus, for Plaintiff to go forward with this case, it must be construed as a habeas corpus petition. See Hutcherson v. Riley, 468 F.3d 750, 754 (11th Cir. 2006) (finding that the federal habeas statutes and § 1983 claims "are mutually exclusive: if a claim can be raised in a federal habeas petition, that same claim cannot be raised in a separate § 1983 civil rights action"); see also Johnson v. Chisolm, CV 409-143, 2009 WL 3481904, at *1 (S.D. Ga. Oct. 28, 2009) (explaining that pretrial detainee seeking preliminary and permanent injunctions of his state criminal proceedings, dismissal of his state charges, and immediate release failed to advance a cognizable claim under § 1983 because his sole remedy was to file a habeas petition under 28 U.S.C. § 2241). However, because of the few details provided by Plaintiff, it is not entirely clear whether a habeas corpus petition would be considered under 28 U.S.C. § 2241 or 28 U.S.C. § 2254.

A petition filed by a pretrial detainee is generally brought pursuant to § 2241, but a person in custody pursuant to the judgment of a state court generally files a habeas corpus petition pursuant to § 2254. See Herbert v. James, No. 4:12cv112, 2012 WL 1432312 (N.D. Fla. Mar. 15, 2012) (explaining potential applicability of § 2241 and § 2254 to petition filed by detainee who had not yet been convicted of crimes charged but had been committed for mental health treatment pursuant to an order of the state court), *adopted by*, 2012 WL 1431502 (N.D. Fla. Apr. 25, 2012). The limited information provided by Plaintiff as to whether he is challenging the length of his pretrial detention or the commitment order need not delay the

Court, however, because any attempt to obtain habeas corpus relief is subject to exhaustion requirements. See Santiago-Lugo v. Warden, 785 F.3d 467, 475 (11th Cir. 2015) (explaining exhaustion requirement in § 2241 case); Skinner v. Wiley, 355 F.3d 1293, 1295 (11th Cir. 2004) (requiring exhaustion in federal habeas case); 28 U.S.C. § 2254(b)(1)(A) & (c); see also Hughes v. Attorney Gen. of Fla., 377 F.3d 1258, 1262 (11th Cir. 2004) (whether filed as § 2241 or § 2254 petition, reviewing court will consider claims so long as exhaustion requirement satisfied). Stated otherwise, "the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999).

Given the exhaustion requirement and the scant details provided concerning the exact nature of Plaintiff's challenge, the Court is reluctant to re-characterize the case as a habeas corpus case without providing any prior notification to Plaintiff. The Court cautions Plaintiff that if he intends to pursue habeas corpus relief in federal court, he must first exhaust his claims in the state courts before his claims for relief will be heard in this Court. As such, within fourteen days of this Order, Plaintiff must advise the Court whether he intends to go forward with his case as a habeas corpus petition, or chooses to voluntarily withdraw the instant case. Should Plaintiff agree to the re-characterization of his case, he is directed to submit to the Court a petition for a writ of habeas corpus on the standard forms used for this relief which explains the exact nature of the relief he seeks.[1] Failure to submit the habeas corpus form petition within

---

[1] The **CLERK** is **DIRECTED** to attach a standard petition for a writ of habeas corpus used by incarcerated persons in the Southern District of Georgia to Plaintiff's copy of this Order.

fourteen days of the date of this Order will result in the recommendation of dismissal of this action.

SO ORDERED this 14th day of July, 2015, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA