IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| KENNETH D. RICHARD, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 115-101 |
| | ) | |
| RICHMOND COUNTY | ) | |
| SUPERIOR COURT, | ) | |
| | ) | |
| Respondent. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, an inmate at the Charles B. Webster Detention Center in Augusta, Georgia, originally filed a civil rights complaint asking this Court to investigate the circumstances of his pre-trial detention. Because the complaint sought habeas corpus relief, Petitioner agreed to the re-characterization of his case and submitted a habeas corpus petition. (See doc. nos. 3, 4.) Accordingly, the Court **DIRECTS** the **CLERK** to update the docket to delineate the parties as Petitioner and Respondent.

Upon review of the petition, the Court **REPORTS** and **RECOMMENDS** that Petitioner's motion to proceed *in forma pauperis* be **DENIED AS MOOT**, (doc. no. 2), and that this case be **DISMISSED** without prejudice and **CLOSED**.

### I. BACKGROUND

In the original civil rights complaint, Petitioner alleges that he has been incarcerated for seventeen months but has not been brought to trial because of outstanding competency issues.

(Doc. no. 1, p. 5.) According to Petitioner, he has been ordered to a state hospital for treatment so that he will "be better able to assist in [his] defense." (Id.) Publicly available records show that Petitioner currently has a pending felony case against him in the Superior Court of Richmond County. State v. Richard, Case No. 2013RCCR00199 (Richmond County Superior Court Feb. 5, 2013), *available at* http://coc.augustaga.gov (follow "Criminal Search" hyperlink; then search for Case No. 2013RCCR00199, last visited July 29, 2015); see also United States v. Jones, 29 F.3d 1549, 1553 (11th Cir. 1994) (noting a court may take judicial notice of another court's records to establish the existence of ongoing litigation and related filings). Petitioner is represented by an attorney in his state court proceedings. State v. Richard, Case No. 2013RCCR00199. A petition for a mental evaluation was filed in that case on April 16, 2014, and on June 10, 2015 an Order for Commitment & Restoration was entered on the docket of that case. Id. A notice of hearing on Petitioner's bond request and request to reconsider his civil commitment was docketed on July 21, 2015. Id.

In his original filing, Petitioner did not adequately explain whether he is attempting to challenge the competency proceedings, the commitment order, or the denial of a speedy trial because of the length of his pretrial detention. Therefore, the Court instructed Petitioner that if he chose to proceed with a request for federal habeas relief, he must explain which component of his state court proceedings he was attempting challenge. (Doc. no. 3, p. 4.) Moreover, no matter the exact challenge, he must exhaust all available state court remedies before seeking federal habeas corpus relief. (Id.)

Unfortunately, Petitioner's habeas corpus petition does not clarify exactly which component of his pretrial proceedings he is challenging. (Doc. no. 4.) Rather he raises the same issues as his initial filing. (Id. at 7.) Moreover, despite the Court's warning about the exhaustion

2

requirement, Petitioner does not indicate that he has pursued any state court remedies. Rather, he states that he is "turning this case over to you to be handled in the proper manner." (Id. at 9-10.)

## II. DISCUSSION

The petition should be dismissed because petitioner has not exhausted state court remedies. The Court recognizes that the exact nature of Petitioner's claim for federal habeas relief is not clear because he has again included claims relating to his competency proceedings, the commitment order, and the denial of a speedy trial.[1] Regardless, it is clear is that Petitioner has not exhausted his remedies in state court.

Although there is no exhaustion requirement in the language of 28 U.S.C. § 2241(c)(3), federal courts do not exercise jurisdiction under § 2241 if the issues raised might be resolved by trial on the merits or other available state procedures. Santiago-Lugo v. Warden, 785 F.3d 467, 475 (11th Cir. 2015) (explaining exhaustion requirement in § 2241 case); Skinner v. Wiley, 355 F.3d 1293, 1295 (11th Cir. 2004); Thomas v. Crosby, 371 F.3d 782, 812 (11th Cir. 2004) (Tjoflat, J., concurring); Turner v. Morgan, No. 3:12cv188/MCR/CJK, 2012 WL 2003835, at *2 (N.D. Fla. Apr. 25, 2012), *adopted by*, 2012 WL 2003452 (N.D. Fla. June 4, 2012) (citing Braden v. 30th Judicial Cir. Ct. of Ky., 410 U.S. 484, 489-92 (1973)). "The exhaustion doctrine of § 2241(c)(3) was judicially crafted on federalism

---

[1] See Hughes v. Attorney Gen. of Fla., 377 F.3d 1258, 1261-64 (11th Cir. 2004) (treating pre-trial 2254 petition as brought pursuant to § 2241 and also discussing abstention doctrine under Younger v. Harris, 401 U.S. 37, 46 (1971)); Hawker v. Budz, No. 10-20634-Civ, 2010 WL 4774650, at *1 n.2 (S.D. Fla. Sept. 30, 2010) (recognizing that legality of commitment proceedings or state court order of civil commitment properly brought pursuant to § 2254), *adopted by*, 2010 WL 4738537 (S.D. Fla. Nov. 16, 2010); see also Herbert v. James, No. 4:12cv112, 2012 WL 1432312 (N.D. Fla. Mar. 15, 2012) (explaining potential applicability of § 2241 and § 2254 to petition filed by detainee who had not yet been convicted of crimes charged but had been committed for mental health treatment pursuant to an order of the state court), *adopted by*, 2012 WL 1431502 (N.D. Fla. Apr. 25, 2012).)

3

grounds to protect the state courts' opportunity to confront and resolve initially any constitutional issues arising within their jurisdiction and also to limit federal interference in the state adjudicatory process." Id. (citation omitted).

As to the exhaustion requirements for a petition filed pursuant to § 2254, an application for a writ of habeas corpus shall not be granted unless it appears that the petitioner has exhausted the remedies available to him by any state court procedure. See 28 U.S.C. §§ 2254(b)(1)(A) & (c). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by *any* available procedure, the question presented." Id. § 2254(c) (emphasis added). The United States Supreme Court has held that a state inmate is deemed to have exhausted his state judicial remedies when he has given the state courts, or they have otherwise had, a fair opportunity to address the state inmate's federal claims. Castille v. Peoples, 489 U.S. 346, 351 (1989).

"In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). To exhaust a federal claim, a petitioner must have "fairly presented [it] to the state courts." Lucas v. Sec'y, Dep't of Corr., 682 F.3d 1342, 1351 (11th Cir. 2012). This "fair presentation" requirement has been interpreted to mean that state courts should be afforded "a meaningful opportunity to consider the allegations of legal error" without interference from the federal courts. McNair v. Campbell, 416 F.3d 1291, 1302-03 (11th Cir. 2005). "Generally, when a petitioner has failed to exhaust state

remedies, the district court should dismiss the petition without prejudice to allow exhaustion." Reedman v. Thomas, 305 F. App'x 544, 546 (11th Cir. 2008) (citing Rose v. Lundy, 455 U.S. 509, 519-20 (1982)).

Petitioner does not allege that he has invoked any state court remedies. To the contrary, as explained above, he concedes that he has not utilized the state courts and instead wants "to turn the case over" to this Court. Nothing in Petitioner's filings suggests that he has been prevented from asserting his current claims in a state court proceeding. Although Petitioner claims that his attorney told him he could not file an appeal at this point in his case, (doc. no. 4, p. 3), Petitioner does not state that he has attempted, let alone been denied the opportunity to pursue, any other relief himself via collateral proceedings in the state courts of Georgia. In any event, publicly available records show that a hearing has been scheduled to reconsider Petitioner's request for bond and the civil commitment order. State v. Richard, Case No. 2013RCCR00199.

The purpose of the exhaustion requirement is to give state courts a meaningful opportunity to review the alleged error. McNair, 416 F.3d at 1302. Given that Petitioner concedes he has not exhausted state court remedies, indeed he has a state court challenge pending, the Court concludes Petitioner has not satisfied the exhaustion requirement. As Petitioner has not exhausted available state court remedies, this federal habeas corpus petition should be dismissed without prejudice.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Petitioner's motion to proceed *in forma pauperis* be **DENIED AS MOOT** (doc. no. 2), and

that this case be **DISMISSED** without prejudice and **CLOSED**.

SO REPORTED and RECOMMENDED this 29th day of July, 2015, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA